**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**JIMMIE R. HOSKINS, JR.,**

Plaintiff,

**v.** **Case No. 26-CV-1531**

**KENOSHA POLICE DEPARTMENT, *et al.*,**

Defendants.

---

**ORDER**

---

On September 28, 2026, several filings were submitted on behalf of *pro se* plaintiff Jimmie R. Hoskins, Jr.: an amended complaint (ECF No. 7); a brief in support for summary judgment (ECF No. 8); a declaration in support of the brief for summary judgment (ECF No. 9); a motion to appoint counsel (ECF No. 10); a motion for production of documents (ECF No. 11); a motion requesting to submit video footage (ECF No. 12); a first set of interrogatories (ECF No. 13); a first set of requests for admission (ECF No. 14); and proposed findings of fact (ECF No. 15).

The handwriting in these submissions is different than the handwriting in the original complaint. (ECF No. 1.) Also, the signature on all of these submissions does not appear to be a signature at all, but just Hoskins's name written in the same handwriting as the rest of the submissions. The style of these submissions are distinct, and the court believes that the author of them is Jason Allen Olrich, who

currently has two open cases in this district before District Judge Lynn Adelman—Case No. 24-cv-846 and Case No. 25-cv-1931. The court reasonably infers, then, that Olrich is submitting these documents on Hoskins's behalf.

While prisoner plaintiffs are allowed to have assistance in filing their submissions, they still must follow the applicable Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 11(a) requires that "every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Because Hoskins did not sign these filings, the court will strike them because they violate Rule 11.

Even if Hoskins had signed these filings, the vast majority of them are premature. Currently, this case is awaiting screening as required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A(a). As such, it is too early for filings related to discovery, summary judgment, or jury trial. Hoskins must wait for his complaint to be screened.

Hoskins should also note that, based on a review of Case Nos. 24-cv-846 and 25-cv-1931, Olrich has a history of repeatedly filing unnecessary, frivolous, and/or premature filings. (*See* Case No. 24-846, ECF No. 169; Case No. 25-1931, ECF No. 12.) Judge Adelman has consistently denied these filings through text only orders, has imposed filing bars, and has threatened to dismiss Olrich's cases as a sanction.

Hoskins is warned that inundating the docket with unnecessary, frivolous, and/or premature filings will only slow his case down and may result in sanctions, including dismissal of the case, for wasting scarce judicial resources. *See In re*

*McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with [the court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."); *see Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (noting that the district court has the inherent power to sanction litigants who engage in harassing, frivolous, or abusive conduct.) Any additional motions that are filed that are unnecessary, frivolous, and/or premature will be summarily denied through a text-only order. Even if it is Olrich that drafted the filings, this is Hoskins's case, and Hoskins will incur any sanctions imposed, up to and including dismissal. Hoskins should be careful to review and determine the propriety of everything that is filed.

To comply with Rule 11, Hoskins also must **personally sign and mail to the court** any filings, even if Olrich or someone else helped draft them. Any filings that are not clearly signed by Hoskins will be stricken from the record.

**IT IS THEREFORE ORDERED** that the amended complaint (ECF No. 7); the brief in support for summary judgment (ECF No. 8); the declaration in support of the brief for summary judgment (ECF No. 9); the motion to appoint counsel (ECF No. 10); the motion for production of documents (ECF No. 11); the motion requesting to submit video footage (ECF No. 12); the first set of interrogatories (ECF No. 13); the first set of requests for admission (ECF No. 14); and the proposed findings of fact (ECF No. 15) are **STRICKEN** for failure to comply with Rule 11.

**IT IS FURTHER ORDERED** that, to comply with Rule 11, Hoskins must **personally sign and mail to the court** any filings, even if Olrich or someone else helped draft them. Any filings that are not clearly signed by Hoskins will be stricken from the record.

Dated at Milwaukee, Wisconsin this 5th day of October, 2026.

BY THE COURT

William E. Duffin

WILLIAM E. DUFFIN
United States Magistrate Judge