UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JIMMIE R. HOSKINS, JR.,**

**Plaintiff,**

**v.** **Case No. 26-CV-1531**

**KENOSHA POLICE DEPARTMENT,**
**OFFICER GLAUM, and K9 UNIT MIKA,**

**Defendants.**

---

# REPORT AND RECOMMENDATION

---

Plaintiff Jimmie R. Hoskins, who is incarcerated and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Hoskins also filed a motion to proceed without prepayment of the filing fee, which the court will also address. (ECF No. 2.)

Because not all parties have had the opportunity to consent to magistrate-judge jurisdiction, this court cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). The clerk of court shall therefore randomly refer this matter to a district judge for consideration of the recommendations outlined below.

## MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Hoskins was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA

allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

Hoskins filed a certified copy of his prison trust account statement as required under 28 U.S.C. § 1915(a)(2). The court determined that pursuant to 28 U.S.C. § 1915(b)(4), Hoskins was not required to pay an initial partial filing fee. (ECF No. 5.) Accordingly, Hoskins's motion for leave to proceed without prepaying the filing fee will be granted, and he will have to pay the full filing fee over time as explained in this order.

## REPORT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v.*

*Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Hoskins's Allegations*

Hoskins alleges that on August 2 (he does not state what year) he was at a friend's house and someone stated there were police outside. (ECF No. 1 at 4.) Because he was on probation, Hoskins left his friend's house. (*Id.*) However, due to his mental illnesses, including schizophrenia, borderline personality disorder, and a severe anxiety disorder, as he was walking away from his friend's house he had a

"mental breakdown" and his "PTSD was triggered, which caused my body to cripple or lock up, and I passed out behind a vacant apartment garage." (*Id.*) He woke up "to a K9 trying to revive me by scratching at my stomach." (*Id.*) Hoskins alleges the dog cut deep into his skin and left scars. (*Id.*) The dog stayed with Hoskins until defendant Officer Glaum appeared and leashed the dog. (*Id.*)

Hoskins was ordered to put up his hands, and he complied but attempted to explain to Glaum that, due to exhaustion and anxiety, he didn't have the strength to keep his arms up. (ECF No. 1 at 4.) Hoskins states that he was on his knees at the time in a position of submission. (*Id.*) Hoskins was again told to put his hands up, and he again tried to explain he was unable to because of his physical state. (*Id.*) Glaum then let the K9 off its leash and gave the dog a command to bite Hoskins's arm. (*Id.* at 5.) The K9 clamped down on Hoskins's arm, tearing at his skin, causing Hoskins to "bleed profusely" (*Id.*) Hoskins was taken to the Froedtert South Emergency Department where he was treated for "deep lacerations" caused by the dog bite. (*Id*)

*Analysis*

To begin with, Hoskins sues the Kenosha Police Department. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Kenosha Police Department is not a person. There are some circumstances where a municipality can be sued under §1983. *See Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658 (1978). Federal Rule of Civil Procedure 17(b) states that defendants in a federal lawsuit must have the legal capacity to be

sued. State law determines an entity's capacity to be sued. *Webb v. Franklin County Jail*, Case No. 16-cv-1284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8. 2017). Under Wisconsin law, the Kenosha Police Department "is not a legal entity separable from the county government which it serves" and is therefore not subject to suit under §1983. *Whiting v. Marathon County Sherriff's Dept.*, 382 F.3d 700, 704 (7th Cir. 2004).

Similarly, K9 Mika is not a person. Hoskins may not bring a § 1983 claim against the dog. *Dye v. Wargo*, 253 F.3d 296, 299-300. (7th Cir. 2001).

Hoskins does, however, state a claim against Officer Glaum. In instances such as those described in the complaint, a question exists as to whether the excessive force standard under the Fourth Amendment or Fourteenth Amendment applies. The United States Supreme Court stated courts "need not address whether the Fourth or Fourteenth Amendment provides the proper basis for a claim of excessive force against a pretrial detainee [who has not yet had a probable cause hearing]. Whatever the source of law, in analyzing an excessive force claim, a court must determine whether the force was objectively unreasonable in light of the 'facts and circumstances of each particular case.'" *Lombardo v. City of St. Louis*, 594 U.S. 464, 467 n.2, (2021) (*per curiam*) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015), (quoting *Graham v. Conner*, 490 U.S. 386, 396 (1989)).

"[W]hether a defendant used excessive force is an objective, not a subjective, determination, and "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396-97. Whether the force was objectively unreasonable turns on the "facts and

circumstances of each particular case." *Id.* at 397. "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* In assessing the officer's use of force, "a court must also account for the legitimate interests that stem from the government's need to manage the facility in which the individual is detained, appropriately deferring to policies and practices that in the judgment of jail officials are needed to preserve internal order and discipline and to maintain institutional security." *Id.* (internal quotations marks and citations omitted). Other considerations to determine whether the force is reasonable include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer, and whether the plaintiff was actively resisting." *Id.*

Hoskins alleges that, although he was not resisting and in a submissive position, Glaum had the dog attack him anyway. At this stage, he sufficiently alleges an excessive force claim against Glaum.

**IT IS THEREFORE ORDERED** that Hoskins's motion for leave to proceed without prepayment of the filing fee (ECF No. 2.) is **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Kenosha Police Department and K9 Mika be dismissed.

**IT IS FURTHER RECOMMENDED** that the case be returned to Magistrate Judge William E. Duffin for further proceedings.

**IT IS FURTHER ORDERED** that the agency having custody of Hoskins shall collect from his institution trust account the $350 balance of the filing fee by collecting monthly payments from Hoskins's prison trust account in an amount equal to 20% of the preceding month's income credited to Hoskins's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Hoskins is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Hoskins is confined.

**IT IS FURTHER ORDERED** that E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
517 E. Wisconsin Avenue, Room 362
Milwaukee, Wisconsin 53202

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Hoskins is further advised that the failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Hoskins is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Hoskins's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Hoskins may find useful in prosecuting his case.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of entry of this recommendation. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 12th day of November, 2026.

BY THE COURT

William E. Duffin

WILLIAM E. DUFFIN
United States Magistrate Judge